UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MARCUS WILLIAMS, | ) |
| Plaintiff, | ) |
| VS. | ) No. 2:17-cv-2649-JDT-cgc |
| SHELBY COUNTY, ET AL., | ) |
| Defendants. | ) |

ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

On March 30, 2016, Plaintiffs William Sappington, Warren Pratcher a/k/a Warren Montez Hudson, Marcus Williams, James Nipper and Ricky Frith filed a joint *pro se* civil complaint, (ECF No. 1), which was opened as case number 16-2203. At the time, all five Plaintiffs were incarcerated at the Shelby County Criminal Justice Center (Jail) in Memphis, Tennessee. The Court issued an order on September 6, 2017, (ECF No. 1-3), severing the Plaintiffs' claims and directing the Clerk to open separate cases for Plaintiffs Pratcher, Williams, Nipper and Frith, leaving Plaintiff Sappington as the sole Plaintiff in case number 16-2203. Plaintiff Williams's claims were opened as case number 17-2649.

The Court subsequently directed Plaintiff Williams to file a current inmate trust account statement, noting that he is now incarcerated at the Shelby County Correctional Center instead of the Jail. (ECF No. 4.) Williams complied, and the Court granted leave to proceed *in forma pauperis* and assessed the filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C.

§§ 1915(a)-(b). (ECF No. 6.) The Clerk shall record the Defendants as Shelby County;[1] the former Shelby County Sheriff, Bill Oldham; and Sheriff's Office employees Lieutenant (Lt.) Sandlin and Ms. D. Hammons.[2]

In the complaint, Williams complains generally about certain conditions at the Jail which he contends are not in compliance with the United Nations Standard Minimum Rules for the Treatment of Prisoners (UN Standard Minimum Rules). (ECF No. 1 at 1.) He alleges it is common practice at the Jail for two inmates to be housed in a single-man cell and that he is not allowed outdoor exercise "more than a couple times a month." (ECF No.1 at 2.) Williams further alleges there is a very limited selection of books provided for prisoners at the Jail. A small book cart comes around "maybe a couple times a month," and the available books have been donated and are old and rarely educational in nature. (*Id.* at 3.) He asserts that his treatment is inhumane and his physical, mental and emotional health is constantly declining on a day to day basis, (*id.*); however, he does not identify any specific physical condition or injury caused by these conditions. Williams seeks injunctive relief and monetary damages. (*Id.* at 4.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

---

[1] The claims against the Shelby County Sheriff's Department are treated as claims against Shelby County.

[2] The complaint also purports to sue "any and all other Shelby County Sheriff's Officers that are by name or otherwise connected." (ECF No. 1 at 1.) However, no other person is named in the complaint. Service of process cannot be made on an unidentified party. The filing of a complaint against such an unknown defendant does not toll the running of the statute of limitation against that party. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996).

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Williams identifies no basis for this Court's jurisdiction in his complaint, but the Court will presume he intended to bring the action pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Williams does not contend the conditions at the Jail violated his constitutional rights. His allegation that the conditions do not comply with the UN Standard Minimum Rules does not state a claim under § 1983 because those Standards are not "rights, privileges, or immunities secured by the Constitution and laws." Furthermore, Williams has not alleged that he suffered any specific physical injury as a result of the allegedly inadequate conditions.[3] Therefore, the complaint is subject to dismissal under 42 U.S.C. § 1997e(e), which provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act."

For these reasons, Williams's complaint is subject to dismissal in its entirety for failure to state a claim.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th

---

[3] As stated, he alleges only that his physical, mental and emotional health is "declining." *See supra* p. 2.

Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court finds that Williams should be given an opportunity to amend his complaint.

In conclusion, the Court DISMISSES Williams's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, Williams is GRANTED leave to file an amended complaint. Any amendment must be filed within twenty-one days after the date of this order. Neely is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings. The text of the complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If Neely fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

IT IS SO ORDERED.

                                               s/ **James D. Todd**
                                               JAMES D. TODD
                                               UNITED STATES DISTRICT JUDGE