UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MARCUS WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| VS. | ) ) No. 17-2649-JDT-cgc |
| SHELBY COUNTY, ET AL., | ) ) ) |
| Defendants. | ) |

ORDER DIRECTING ENTRY OF JUDGMENT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Plaintiff Marcus Williams and four other individuals filed a joint *pro se* civil complaint on March 30, 2016. (ECF No. 1.) All five Plaintiffs were, at the time, incarcerated at the Shelby County Criminal Justice Center in Memphis, Tennessee. On September 6, 2017, the Plaintiffs' claims were severed, and Williams's claims were opened as case number 17-2649. (ECF No. 1-3.) Thereafter, the Court granted Williams leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 6.) That order also directed Williams to notify the Court immediately of any change of address and warned that failure to do so could result in dismissal of this case without further notice. (*Id.* at 3.)

On February 8, 2019, the Court issued an order dismissing the complaint for failure to state a claim but granting leave to file an amended complaint within 21 days. (ECF No. 8.) The order notified Williams that if he "fails to file an amended complaint within the time specified, the Court

will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment." (*Id.* at 5.) That order was returned undeliverable on February 21, 2019. (ECF No. 9) However, Williams has not submitted any change of address. Williams also has not filed an amended complaint, and the time within which to do so has expired. Therefore, judgment will be entered in accordance with the January 30, 2019, order dismissing the complaint for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Williams in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that led the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Williams would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Williams, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                                   s/ **James D. Todd**
                                                   JAMES D. TODD
                                                   UNITED STATES DISTRICT JUDGE